**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:15-cv-00099-MR**

| | | |
|---|---|---|
| **JUSTIN ALEXANDER, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **THE PARTNERSHIPS and** | ) | |
| **UNINCORPORATED ASSOCIATIONS** | ) | |
| **IDENTIFIED ON SCHEDULE "A" and** | ) | |
| **JOHN DOES 1-1000,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Leave to File Amended Complaint [Doc. 13].

The Plaintiff Justin Alexander, Inc. initiated this action on May 26, 2015, asserting claims for trademark counterfeiting and false designation of origin under the Lanham Act, copyright infringement under the Copyright Act, cyberpiracy under the Anticybersquatting Consumer Protection Act, and unfair and deceptive trade practices under North Carolina State law. [Doc. 1]. The named Defendants in the Complaint are "the Partnerships and Unincorporated Associations identified on Schedule 'A' and John Does 1-1,000." [Id.]. Schedule "A," which is attached to the Complaint, sets forth

395 Internet domain names, or websites. [Doc. 1 at 17-26]. The Complaint alleges that the true names of the Defendants and their physical addresses are currently unknown. [Id. at 2]. The Plaintiff now seeks leave of Court to amend its Complaint solely for the purpose of incorporating the information contained on Schedule "A" within the case caption. [Doc. 13].

Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party may amend its pleading once as a matter of course within 21 days of serving it." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Absent a finding of prejudice, bad faith, or futility, leave of the Court should be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962); Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

In the present case, the Plaintiff's proposed Amended Complaint does nothing more than incorporate information previously presented to the Court in Schedule A to the Complaint. As the Plaintiff explains in its Memorandum, "[t]he proposed amended complaint does not involve the addition of any new defendants, set forth any new claims, or raise any new legal theories." [Doc. 13-1 at 3]. As pointed out to Plaintiff's counsel at a hearing in this matter, the original Complaint identifies no Defendants. The Plaintiff purports to sue

2

the "partnerships and unincorporated associations" listed on the exhibit but then lists no such entities on the exhibit.  Websites are not entities.  Because Plaintiff's counsel freely admits that his proposed amendment adds nothing substantive to the Plaintiff's pleadings, the Court concludes that the amendment is futile and should be denied.

      **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Leave to File Amended Complaint [Doc. 13] is **DENIED**.

      **IT IS SO ORDERED.**

Martin Reidinger
United States District Judge